IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RODERICK DEWAYNE ABRAMS, 220360,:

    Plaintiff,                               :

vs.                                        :      CIVIL ACTION 15-583-WS-C

CHARLES EDWARD DAUGHTRY,    :

    Defendant.                           :

REPORT AND RECOMMENDATION

      Plaintiff Roderick Dewayne Abrams, an Alabama prison inmate *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 together with a motion to proceed without prepayment of fees. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as malicious, or in the alternative, that it be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

**I. Posture of Action.**

      Plaintiff's complaint (Doc. 1) is before the Court for screening pursuant 28 U.S.C. § 1915(e)(2)(B) and 28 U.S. C. § 1915A(a) due to plaintiff having filed a motion to proceed without prepayment of fees. (Doc. 2). Plaintiff used the Court's § 1983 complaint form when he commenced this action. (Doc. 1). And, in response to the

complaint form's questions, plaintiff stated that he had not filed other lawsuits, in state or federal court, with the same or similar facts involved in this action or related to his imprisonment. (*Id.* at 3). Plaintiff then signed his complaint under penalty of perjury stating that the facts in his complaint were true and correct. (*Id.* at 10).

Plaintiff's complaint is brief and is lodged against only one defendant, Charles Edward Daughtry, a former officer at Holman Correctional Facility. (Doc. 1 at 7-8). Plaintiff alleges on June 10, 2015, he asked Officer Daughtry, who was assigned to the post in his dorm, B-dorm, if he could get a sewing needle from a certain inmate in C-dorm when the dorm was opened to let inmates attend pill call at 9:00 p.m. (*Id.* at 6). At the time when plaintiff was making his request, Officer Daughtry received a call on his radio to let the inmates who were going to pill call to leave. (*Id.*). Plaintiff then reiterated his request to Officer Daughtry, "who without warning stepped in front of [him] and shoved [him] in the chest and with an open-fist . . . hit [him] in the facial area twice[,] [k]nocking [him] to the floor." (*Id.*). Plaintiff also describes the fist as being "a closed fist." (*Id.* at 5, 8). Another inmate helped him to his feet so he could "move away from Officer Daughtry to avoid being assaulted by Officer Daughtry again." (*Id.* at 6-7). For relief, plaintiff seeks $100,000 from "Defendants [sic] to pay in their [sic] individual compacity [sic]" (*Id.* at 10).

Plaintiff states that he "seeks monetary damages for the injury he suffered at the hands of the Defendants [sic] Abrams[.]" (*Id.* at 7). Absent from the complaint are facts describing any injury that plaintiff suffered as a result of the incident. Furthermore, no allegations are present showing that plaintiff went to the infirmary for medical treatment. In fact, plaintiff only mentions "injury" once with respect to himself. (*Id.*). Plaintiff, however, included statements of law which contain, but are not limited to,

2

references to a "'push or shove' that causes no discernable injury" from *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973), and that the Eleventh Circuit requires a plaintiff [to] suffer more than a de minimis injury to establish an Eighth Amendment violation[,]" citing to *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002). (*Id.* at 6). These statements of the law suggest that a physical injury suffered by plaintiff, if any, was not noticeably significant.

**II. Analysis.**

  **A. Screening Standards for an IFP Complaint.**

  Because plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. Under these sections an action or appeal is to be dismissed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages relief from a defendant who is immune from damages. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). A frivolous claim is one that may be dismissed "where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[1] And a complaint may be dismissed for failure to state a claim upon which relief can be granted when the allegations do not show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). To show plausibility "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557, 127 S.Ct. at 1965, 1966 (second brackets

---

[1] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statutes, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972).  A court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).  Furthermore, a court treats factual allegations as true but conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

### B. Maliciousness Under § 1915(e)(2)(B)(i) and § 1915A(b).

#### 1. Legal Standards.

An action is deemed malicious under §§ 1915(e)(2)(B)(i) and 1915A(b)(1) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice."  *Thompson v. Quinn*, No. 3:11cv533/RV/EMT,

2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished) (collecting cases), *adopted*, 2013 WL 45259 (N.D. Fla. 2013); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two, prior federal actions on his complaint form);[2] *Harris v. Warden*, 498 F. App'x 962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the complaint form described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of an inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied*, 133 S.Ct. 2050 (2013); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his arguments that he did not remember filing any civil actions and that his records were inaccessible); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying on *Rivera* the Eleventh Circuit affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month), *cert. denied*, 562 U.S. 1013 (2010); *Young v. Secretary Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits despite his argument that he lacked access to the documents due to the "excess legal material" rule); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he had brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous, and observing "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

  When an action is dismissed without prejudice because it is malicious, the court

6

is required to consider whether it may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired, which would prevent the plaintiff from re-filing the action. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); *see Schmidt*, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

### 2. Application of Law to Facts.

In the present complaint, plaintiff indicates that he previously filed no other lawsuits, in state or federal court, which dealt with the same of similar facts in this action or related to his imprisonment. (Doc. 1 at 3). Nonetheless, an examination of PACER (Public Access to Court Electronic Records) reflects two cases filed by plaintiff.[3] Plaintiff filed a § 1983 action, *Abrams v. Hicks*, CA No. 2:13-cv-02173-RBP-TMP (N.D. Ala. 2014), and a habeas action, *Abrams v. Patterson*, CA No. 2:10-cv-00138-RDP-TMP (N.D. Ala. 2010).

When plaintiff prepared his complaint, he knowingly chose not to list his two prior actions and then proceeded to sign the complaint under penalty of perjury, thereby indicating his facts are true and correct. (Doc. 1 at 10). This type of behavior by a prisoner plaintiff is deemed by the courts to be an abuse of the judicial process so as to warrant the action's dismissal as malicious pursuant to §§ 1915(e)(2)(B)(i) and

---

[3] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. *Grandinetti v. Clinton*, No. 2:07-CV-275-WHA(WO), 2007 WL 1624817, at *1 (M.D. Ala. 2007); *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (noting a court may take judicial notice of its records).

1915A(b)(1), and to it being counted as a strike for § 1915(g) purposes. *Rivera*, *supra*; *Pinson*, *supra*.

Moreover, if this action were dismissed, plaintiff would be able to re-file it. That is, plaintiff identifies June 10, 2015 as the date when defendant Daughtry shoved him and struck him twice in the face with a fist. Thus, the two-year statute of limitations for filing an action on this claim has not expired. *See Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (holding the statute of limitations for a § 1983 action filed in Alabama is two years from when the claim accrues), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Inasmuch as plaintiff can re-file his action, if he elects, the Court finds that plaintiff's action is malicious and subject to dismissal without prejudice.

**C. Failure to State a Claim upon Which Relief Can Be Granted.**

**1. Legal Standards Under 42 U.S.C. § 1997e(e).**

"A complaint is subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim.'" *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). An affirmative defense is created by 42 U.S.C. § 1997e(e) that places a limitation on complaints brought by prisoners for emotional injuries. *Id.* Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). This section provides an alternative basis for the dismissal of plaintiff's present claim.

Section 1997e(e) was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]" *Harris v. Garner*, 216 F.3d 970, 971 (11th Cir.), *cert.*

*denied*, 532 U.S. 1065 (2001). This section is "[r]ead as a limitation on recovery only[.]" *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), *opinion vacated by* 197 F.3d 1059, *opinion reinstated in part by* 216 F.3d 970 (11th Cir. 2000). By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" *id.* at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[,]" *id.* at 1289, and nominal damages. *Brooks v. Warden*, 800 F. 3d 1295, 1307-09 (11th Cir. 2015).

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir.), *cert. denied*, 540 U.S. 1112 (2004). The statute encompasses all claims, including constitutional claims, with no exceptions being provided. *Al-Amin v. Smith*, 637 F.3d 1192, 1197 (11th Cir. 2011) (holding no distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally). Nor does the mental or emotional injury need to be pled in order for the statute to be applicable. *Id.* at 1197 & n.5 (holding otherwise a prisoner's pleading or not pleading of mental or emotional injury would achieve talismanic importance and lead to illogical results). Thus, in order to avoid dismissal under § 1997e(e), a prisoner's claim "must be accompanied by allegations of physical injuries that are greater than *de minimis*." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002).

    **2. Application of Law to the Facts.**

In the present action, plaintiff simply states that he wants "monetary damages for the injury he suffered at the hands of the Defendant[] Abrams." (Doc. 1 at 7). Plaintiff's injury is not described. This vague statement can rest on enumerable factual scenarios. However, for the purposes of § 1997e(e), the Court is only concerned that a physical injury greater than *de minimis* has been shown. *Id.* It is readily apparent that plaintiff did not demonstrate that he suffered a physical injury, much less an injury that is greater than *de minimis*.

Examining the relief plaintiff requested in the *ad damnum* clause, the amount of $100,000 is in the nature of a compensatory or punitive damages request. That is, $100,000 is inconsistent with a nominal damages request. *See Carey v. Piphus*, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding nominal damages should not exceed one dollar); *Harrison v. Myers*, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. 2011) (finding that the prisoner's request of $2,500 was not for nominal damages inasmuch nominal damages implies a mere token or trifling); *In re Bayside Prison Litigation,* CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D.N.J. 2010) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); *Qualls v. Santa Rosa County Jail*, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 (N.D. Fla. 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages").

Therefore, in the absence of plaintiff demonstrating a physical injury that is greater than *de minimis*, and plaintiff requesting compensatory or punitive damages in the amount of $100,000, § 1997e(e) bars his action and serves as an alternate basis to

10

dismiss this action.  *See Napier*, 314 F.3d at 532 (holding a dismissal pursuant to § 1997e(e) shall be without prejudice).

### III.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) as malicious, or in the alternative, that it be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this 27th day of June, 2016.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**